UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on July 8, 2019

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. _____ |
| | : | |
| v. | : | Offenses: |
| | : | |
| **JAMAR SKEETE,** | : | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | : | (Money Laundering) |
| **Defendant.** | : | |
| | : | 18 U.S.C. § 1957 |
| | : | (Engaging in Transactions |
| | : | in Illegal Proceeds) |
| | : | |
| | : | 18 U.S.C. § 1028(a)(7) |
| | : | (Identity Theft) |
| | : | |
| | : | 18 U.S.C. § 1343 |
| | : | (Wire Fraud) |
| | : | |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting; Causing an Act |
| | : | To Be Done) |
| | : | |
| | : | 18 U.S.C. § 1028A(a)(1) |
| | : | (Aggravated Identity Theft) |
| | : | |
| | : | Forfeiture: 18 U.S.C. § 982(a)(1), |
| | : | (a)(2)(A)-(B); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

## INTRODUCTION

1. Defendant JAMAR SKEETE ("SKEETE") was a resident of the District of Columbia.

2. SunTrust Bank was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

3. M&T Bank Corporation was a financial institution whose deposits were insured by the FDIC.

4. Bank of America was a financial institution whose deposits were insured by the FDIC.

5. BB&T Corporation was a financial institution whose deposits were insured by the FDIC.

## OVERVIEW OF THE CRIMINAL ACTIVITY

6. Between at least in or about September 2017 and August 2018, the defendant, SKEETE, established multiple bank accounts using shell companies and stolen identities, for the purpose of facilitating multiple business e-mail compromise ("BEC") fraud schemes, and laundering illegal fraud proceeds out of the accounts.

**SCHEME 1:  Wire Fraud and Money Laundering Scheme Involving NB Industries LLC**

7. On or about September 14, 2017, at a SunTrust branch in the District of Columbia, SKEETE established SunTrust bank accounts with account numbers ending in 3740 and 3757, both in the name of NB Industries LLC (respectively, "NB Industries-SunTrust Account 3740" and "NB Industries-SunTrust Account 3757").

8. In opening the above-referenced accounts, SKEETE used the identity of IDENTITY THEFT VICTIM A, with the initials N.B., whose identity is known to the grand jury. IDENTITY THEFT VICTIM A did not authorize SKEETE to use the name and identity of N.B. in opening the accounts in the name of NB Industries LLC.

9. On or about September 27, 2017, VICTIM 1, a municipal government in Michigan, received a fraudulent e-mail that appeared to come from one of the city's vendors, but in fact came from an unknown sender.

10. On or about October 6, 2017, as a result of the above-referenced fraudulent e-mail, VICTIM 1 was deceived into conducting a wire transfer in the amount of $604,841.25 into an M&T Bank account controlled by INDIVIDUAL 1, with account number ending in 2372 ("INDIVIDUAL 1-M&T Account 2372"). VICTIM 1 mistakenly believed it was making payment to its vendor.

11. Thereafter, INDIVIDUAL 1 purchased a cashier's check in the amount of $49,529.10 drawn on INDIVIDUAL 1-M&T Account 2372, which was made payable to "NB Industries LLC."

12. On or about October 10, 2017, an unknown co-conspirator deposited the above-referenced cashier's check in the amount of $49,529.10 into SKEETE's NB Industries-SunTrust Account 3740.

13. Thereafter, SKEETE made withdrawals and other transactions involving the fraud proceeds from VICTIM 1 in NB Industries-SunTrust Account 3740 and NB Industries-SunTrust Account 3757.

14. Relevant transactions in NB Industries-SunTrust Account 3740 include:

| Date | Amount | Transaction |
|---|---|---|
| 10/10/17 | $49,529.10 | Deposit of cashier's check derived from VICTIM 1 fraud proceeds |
| 10/11/17 | $44,525.20 | Online transfer to NB Industries-SunTrust Account 3757 |
| 10/12/17 | $800.00 | ATM cash withdrawal |
| 10/13/17 | $3,400.00 | Cash withdrawal |

15. Relevant transactions in NB Industries-SunTrust Account 3757 include:

| Date | Amount | Transaction |
|---|---|---|
| 10/11/17 | $44,525.20 | Online transfer from NB Industries-SunTrust Account 3740 |
| 10/12/17 | $800.00 | ATM cash withdrawal |
| 10/12/17 | $28,058.20 | Cashier's check payable to Top Tier Developments LLC |

16. Top Tier Developments LLC was a shell corporation controlled by one of SKEETE's associates.

### SCHEMES 2 and 3: Element 1 Architecture LLC

17. On or about March 15, 2018, at a Bank of America branch in the District of Columbia, SKEETE established Bank of America account with account number ending in 0293 in the name of Element 1 Architecture LLC (the "Element 1-Bank of America Account 0293"). In opening the account, SKEETE used the identity of IDENTITY THEFT VICTIM B, with the initials D.S., whose identity is known to the grand jury, as well as a fraudulently assumed address in Greenbelt, Maryland, at which a third party resides (neither SKEETE nor D.S.).

18. On or about April 9, 2018, at a BB&T branch in the District of Columbia, SKEETE established BB&T account with account number ending in 8069, also in the name of Element 1 Architecture LLC (the "Element 1-BB&T Account 8069"). In opening the account, SKEETE used the same stolen identity of IDENTITY THEFT VICTIM B, with the initials D.S.

4

## SCHEME 2:  Wire Fraud and Money Laundering Scheme
## Involving Element 1 Architecture LLC

19.   Beginning or about April 16, 2018, VICTIM 2, a company based in Michigan, received a series of fraudulent e-mails that appeared to come from one of VICTIM 2's legitimate vendors, but in fact came from an unknown sender.

20.   Beginning on or about April 19, 2018, as a result of the above-referenced fraudulent e-mails, VICTIM 2 was deceived into conducting several Automated Clearing House ("ACH") transfers into SKEETE's Element 1-Bank of America Account 0293.  VICTIM 2 mistakenly believed it was making payments to its vendor.

21.   In total, between on or about April 19, 2018 and May 10, 2018, VICTIM 2 was fraudulently deceived into sending or attempting to send $505,567.94 in ACH transfers into SKEETE's Element 1-Bank of America Account 0293.  VICTIM 2 sent these ACH transfers directly and through an affiliate company.  Of those, three ACH transfers totaling $262,001.07 were successfully deposited into SKEETE's Element 1-Bank of America Account 0293.  The remaining three ACH transfers totaling $243,566.87 were initiated by VICTIM 2 but not completed because they were sent after the Element 1-Bank of America Account 0293 was closed on or about May 1, 2018.

22.   After receiving the above-referenced fraudulent ACH transfers, SKEETE rapidly drained Element 1-Bank of America Account 0293 through a variety of transactions in the District of Columbia and elsewhere, including international wire transfers, cash withdrawals, and large cash advances at a casino.

23. On or about May 1, 2018, Bank of America closed the Element 1-Bank of America Account 0293. SKEETE obtained the remaining balance of the account, which was derived from the fraud proceeds from VICTIM 2, by means of a $23,211.55 cashier's check. The cashier's check was made payable to Element 1 Architecture LLC.

24. Selected relevant transactions involving Element 1-Bank of America Account 0293 include:

| Date | Amount | Transaction |
|---|---|---|
| 4/19/18 | $25,282.36 | **ACH transfer from VICTIM 2** |
| 4/19/18 | $13,325.00 | Wire transfer to CO-CONSPIRATOR COMPANY 1 (China) |
| 4/19/18 | $1,500.00 | Multiple ATM cash withdrawals in the District of Columbia |
| 4/20/18 | $2,000.00 | Teller cash withdrawal in the District of Columbia |
| 4/20/18 | $1,000.00 | Multiple ATM cash withdrawals in the District of Columbia |
| 4/26/18 | $210,283.70 | **ACH transfer from VICTIM 2 Affiliate Company** |
| 4/26/18 | $26,435.01 | **ACH transfer from VICTIM 2** |
| 4/27/18 | $24,900.00 | Wire transfer to CO-CONSPIRATOR COMPANY 2 (Turkey) |
| 4/27/18 | $147,000.00 | Wire transfer to CO-CONSPIRATOR A (China) |
| 5/1/18 | $23,211.55 | Account closing transaction – cashier's check to Element 1 Architecture LLC |
| 5/3/18 | $27,775.20 | *Attempted ACH transfer from VICTIM 2 (not completed due to account closure)* |
| 5/10/18 | $181,915.83 | *Attempted ACH transfer from VICTIM 2 Affiliate Company (not completed due to account closure)* |
| 5/10/18 | $33,875.84 | *Attempted ACH transfer from VICTIM 2 (not completed due to account closure)* |

25. On or about May 4, 2018, SKEETE took the $23,211.55 cashier's check, derived from the fraud proceeds from VICTIM 2, and deposited it into a second bank account, Element 1-BB&T Account 8069. As noted above, SKEETE had previously opened this bank account in the name of Element 1 Architecture LLC, using the stolen identity D.S.

26. Following the deposit of the above-referenced the $23,211.55 cashier's check into the Element 1-BB&T Account 8069, SKEETE withdrew the majority of the proceeds through cash withdrawals and other debit transactions in the District of Columbia and elsewhere.

6

## SCHEME 3: Wire Fraud Scheme and Money Laundering Scheme Involving Element 1 Architecture LLC

27. Beginning or about July 30, 2018, VICTIM 3, an Illinois-based company that operates senior retirement and care facilities, received a series of fraudulent e-mails that appeared to come from the company's owner, but in fact came from an unknown source. These e-mails requested that VICTIM 3 send wire transfers to a designated bank account for purposes of an investment.

28. As a result of the fraudulent e-mails, VICTIM 3 was deceived into sending two wire transfers totaling $250,000.00 into SKEETE's Element 1-BB&T Account 8069. VICTIM 3 mistakenly believed it was making payments at the direction of the company's owner for investment purposes.

29. Following each of the above-referenced incoming wire transfers from VICTIM 3, SKEETE withdrew proceeds through a variety of transactions in the District of Columbia and elsewhere, including cash withdrawals and large cash advances at a casino.

30. Selected relevant transactions involving Element 1-BB&T Account 8069 include:

| Date | Amount | Transaction |
|---|---:|---|
| **7/30/18** | **$100,000.00** | **Wire transfer from VICTIM 3** |
| 7/31/18 | $8,000.00 | Cashier's check to cash withdrawal |
| 8/1/18 | $5,000.00 | Cashier's check to cash withdrawal |
| 8/2/18 | $8,000.00 | Cashier's check to cash withdrawal |
| 8/6/18 | $8,000.00 | Cashier's check to cash withdrawal |
| 8/7/18 | $8,000.00 | Cashier's check to cash withdrawal |
| **8/8/18** | **$150,000.00** | **Wire transfer from VICTIM 3** |
| 8/9/18 | $8,000.00 | Cashier's check to cash withdrawal |
| 8/10/18 | $20,000.00 | Cashier's check to cash withdrawal |
| 8/14/18 | $8,000.00 | Cashier's check to cash withdrawal |
| 8/15/18 | $8,000.00 | Cashier's check to cash withdrawal |

31. On or about August 27, 2018, BB&T transferred the remaining balance of the Element 1-BB&T Account 8069, totaling $76,145.91, back to VICTIM 3 in partial return of the first fraudulent wire transfer from VICTIM 3 on or about July 30, 2018.

## COUNTS ONE THROUGH THREE
### (Money Laundering)

32. Paragraphs one through three, and paragraphs six through sixteen, are re-alleged herein.

33. On or about the dates and in the amounts set forth below, in the District of Columbia, SKEETE did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and involving the proceeds of specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | On or About Date | Amount | Financial Transaction |
|---|---|---|---|
| 1 | Oct. 11, 2017 | $44,525.00 | Online transfer from NB Industries-SunTrust Account 3740 to NB Industries-SunTrust Account 3757 |
| 2 | Oct. 12, 2017 | $28,058.20 | Cashier's check drawn on NB Industries-SunTrust Account 3757, payable to Top Tier Developments LLC |
| 3 | Oct. 13, 2017 | $3,400.00 | Cash withdrawal from NB Industries-SunTrust Account 3740 |

(Money Laundering, in violation of
Title 18, United States Code, Section 1956(a)(1)(B)(i))

## COUNT FOUR
### (Engaging in Transactions in Illegal Proceeds)

34. Paragraphs one through three, and paragraphs six through sixteen, are re-alleged herein.

35. On or about the date and in the amount set forth below, in the District of Columbia, SKEETE did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, and that was derived from specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343:

| Count | On or About Date | Amount | Monetary Transaction |
|---|---|---|---|
| 4 | Oct. 12, 2017 | $28,058.20 | Cashier's check drawn on NB Industries-SunTrust Account 3757, payable to Top Tier Developments LLC |

**(Engaging in Transactions in Illegal Proceeds, in violation of Title 18, United States Code, Section 1957)**

## COUNT FIVE
### (Identity Theft)

36. Paragraphs one through three, and paragraphs six through sixteen, are re-alleged herein.

37. On or about September 14, 2017, in the District of Columbia and elsewhere, SKEETE, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, a name of IDENTITY THEFT VICTIM A, knowing that

9

the means of identification belonged to another actual person, with the intent to commit, and to aid and abet, and in connection with, a violation of federal law, that is, laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957, and that transfer, possession, and use was in or affecting interstate or foreign commerce.

**(Identity Theft, in violation of Title 18, United States Code, Section 1028(a)(7))**

### COUNTS SIX THROUGH THIRTEEN
(Wire Fraud)

38. Paragraph one, paragraphs four through five, and paragraphs seventeen through thirty-one, are re-alleged herein.

39. Between about April 2018 and about August 2018, in the District of Columbia and elsewhere, SKEETE, with intent to defraud, and knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

40. On or about the dates set forth below, in the District of Columbia and elsewhere, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, SKEETE did transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, and signals described below for each count, each transmission constituting a separate count:

| Count | On or About Date | Description |
|---|---|---|
| 6 | Apr. 19, 2018 | ACH transfer in the amount of $25,282.36 from VICTIM 2 to Element 1-Bank of America Account 0293 |
| 7 | Apr. 26, 2018 | ACH transfer in the amount of $210,283.70 from VICTIM 2 Affiliate Company to Element 1-Bank of America Account 0293 |
| 8 | Apr. 26. 2018 | ACH transfer in the amount of $26,435.01 from VICTIM 2 to Element 1-Bank of America Account 0293 |
| 9 | May 3, 2018 | ACH transfer in the amount of $27,775.20 from VICTIM 2 to Element 1-Bank of America Account 0293 |
| 10 | May 10, 2018 | ACH transfer in the amount of $181,915.83 from VICTIM 2 Affiliate Company to Element 1-Bank of America Account 0293 |
| 11 | May 10, 2018 | ACH transfer in the amount $33,875.84 from VICTIM 2 to Element 1-Bank of America Account 0293 |
| 12 | July 30, 2018 | Wire transfer in the amount of $100,000.00 from VICTIM 3 to Element 1-BB&T Account 8069 |
| 13 | August 8, 2018 | Wire transfer in the amount of $150,000.00 from VICTIM 3 to Element 1-BB&T Account 8069 |

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343; and Aiding and Abetting and Causing an Act To Be Done, in violation of Title 18, United States Code, Section 2)**

## COUNTS FOURTEEN THROUGH SIXTEEN
### (Money Laundering)

41. Paragraph one, paragraphs four through five, and paragraphs seventeen through thirty-one, are re-alleged herein.

11

42. On or about the dates and in the amounts set forth below, in the District of Columbia, SKEETE did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and involving the proceeds of specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | On or About Date | Amount | Financial Transaction |
|---|---|---|---|
| 14 | Apr. 19, 2018 | $13,325.00 | Wire transfer from Element 1-Bank of America Account 0293 to CO-CONSPIRATOR COMPANY 1 (China) |
| 15 | May 1, 2018 | $23,211.55 | Cashier's check from Element 1-Bank of America Account 0293, payable to Element 1 Architecture LLC |
| 16 | Aug. 10, 2018 | $20,000.00 | Cashier's check to cash withdrawal from Element 1-BB&T Account 8069 |

**(Money Laundering, in violation of
Title 18, United States Code, Section 1956(a)(1)(B)(i))**

### COUNTS SEVENTEEN THROUGH NINETEEN
**(Engaging in Transactions in Illegal Proceeds)**

43. Paragraph one, paragraphs four through five, and paragraphs seventeen through thirty-one, are re-alleged herein.

44. On or about the dates and in the amounts set forth below, in the District of Columbia, SKEETE did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, and that was derived from specified unlawful activity, to wit, wire fraud in violation of 18 U.S.C. § 1343:

| Count | On or About Date | Amount | Monetary Transaction |
|---|---|---|---|
| 17 | Apr. 19, 2018 | $13,325.00 | Wire transfer from Element 1-Bank of America Account 0293 to CO-CONSPIRATOR COMPANY 1 (China) |
| 18 | May 1, 2018 | $23,211.55 | Cashier's check from Element 1-Bank of America Account 0293, payable to Element 1 Architecture LLC |
| 19 | Aug. 10, 2018 | $20,000.00 | Cashier's check to cash withdrawal from Element 1-BB&T Account 8069 |

**(Engaging in Transactions in Illegal Proceeds, in violation of Title 18, United States Code, Section 1957)**

## COUNTS TWENTY THROUGH TWENTY-ONE
(Aggravated Identity Theft)

45. Paragraph one, paragraphs four through five, and paragraphs seventeen through thirty-one, are re-alleged herein.

46. On or about the dates set forth below, in the District of Columbia and elsewhere, SKEETE, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, wire fraud in violation of 18 U.S.C. § 1343, did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, a name of IDENTITY THEFT VICTIM B, knowing that said means of identification belonged to another actual person.

| Count | On or About Date | Description |
|---|---|---|
| 20 | March 15, 2018 | Establishment of Element 1-Bank of America Account 0293 |
| 21 | Apr. 9, 2018 | Establishment of Element 1-BB&T Account 8069 |

**(Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1))**

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One through Four, and Counts Fourteen through Nineteen, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Counts One through Four, and Counts Fourteen through Nineteen, and any property traceable thereto.

2. Upon conviction of the offenses alleged in Counts Five through Thirteen, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A)-(B). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property constituting, or derived from, the proceeds the defendant obtained directly or indirectly, as a result of Counts Five through Thirteen.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), (a)(2)(A)-(B); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON.

_____
Jessie K. Liu /JPH
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA